UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID CARROLL LIVINGSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Nos. 3:10-CR-88-TAV-HBG |
| v. | ) | 3:12-CV-49-TAV |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner David Caroll Livingston, a federal prisoner, pleaded guilty [Doc. 15][1] to bank robbery and to brandishing a firearm during and in relation to that bank robbery. In his plea agreement [Doc. 13], the Petitioner waived the right to file a direct appeal of his conviction or sentence except that he retained the right to appeal a sentence "above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court."[2] [Doc. 13, ¶11(a)] On January 27, 2011, United States District Judge Thomas A. Varlan sentenced the Petitioner to two consecutive terms of 84 months each to be served consecutively, for a total sentence of 168 months of incarceration, and to five years of supervised release. The Court entered a Judgment [Doc. 18] of conviction on February 10, 2011. The Petitioner did not file a direct appeal. From the Petitioner's initial appearance on a criminal

---

[1] All citations are to the record in Case No. 3:10-CR-88.

[2] The Defendant also waived the right to file any motion pursuant to 28 U.S.C. § 2255 or to attack his sentence collaterally, except that he retained the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct about which he did not know at the time that the Judgment was entered. [Doc. 34, ¶10(b)]

complaint through sentencing and the entry of Judgment, the Petitioner was represented by Assistant Federal Defender Kim Tollison.

The Petitioner has now filed a timely *pro se* motion to vacate, set aside, or correct his sentence [Doc. 19] pursuant to 28 U.S.C. § 2255, alleging that his attorney failed to appeal his sentence after the Petitioner asked him to do so.[3] The Government has responded [Docs. 27 and 33] in opposition to this motion, arguing that the Petitioner waived his right to appeal in his plea agreement and that the Petitioner has failed to show affirmatively that he asked Mr. Tollison to file a direct appeal within the fourteen days of the filing of the Judgment. On August 20, 2015, Chief United States District Judge Thomas A. Varlan referred [Doc. 37] this matter to the undersigned for an evidentiary hearing to determine a single issue: Whether the Petitioner did, in fact, ask his attorney to file a direct appeal on his behalf.

The undersigned held the evidentiary hearing on September 21, 2015. Attorney James H. Varner represented Petitioner Livingston. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Respondent, the United States. The Court heard the testimony of the Petitioner and his former counsel and the arguments of the parties. After reviewing the testimony, arguments, and relevant case law, the Court finds that the Petitioner's motion to vacate his sentence should be granted and he should receive a delayed appeal, because the Petitioner asked Mr. Tollison to file a direct appeal within fourteen days of the Judgment of conviction and Mr. Tollison failed to do so.

---

[3] The Defendant also raised additional claims that the wrong criminal history category was applied in his case and that counsel was ineffective for failing to object to same. The District Judge ruled [Doc. 37] that the Petitioner procedurally defaulted on these claims and that they are meritless.

## I. SUMMARY OF TESTIMONY

At the September 21 hearing, the Petitioner was sworn and testified in his own behalf that Assistant Federal Defender Kim Tollison represented him in his criminal case. He said that he went over the plea agreement with Mr. Tollison. The Petitioner agreed that the plea agreement contained a waiver of appeal, but he stated that he did not really discuss this provision with Mr. Tollison. The Petitioner said he received a copy of his Presentence Investigation Report two days before his sentencing hearing. He stated that he discussed with Mr. Tollison his concerns that the criminal history category was wrong. The Petitioner testified that Mr. Tollison agreed that it was wrong and said that he would correct it in court. The Petitioner stated that the criminal history category was not modified at the sentencing hearing. He said that after the sentencing hearing and while sitting at the "desk," he told Mr. Tollison that he wanted to appeal. The Petitioner stated that Mr. Tollison said that he would file an appeal.

The Petitioner testified that he attempted to telephone Mr. Tollison from the Blount County Jail following his sentencing hearing and again from Oscilla, Georgia, with no success. He stated that four months from the sentencing hearing, he was finally situated at prison. He said he spoke with Mr. Tollison by telephone from prison, and Mr. Tollison asked the Petitioner to call him again on January 8. The Petitioner stated that he spoke with Mr. Tollison's secretary in January, and she said that Mr. Tollison had retired. The Petitioner stated that when he learned that Mr. Tollison had not filed an appeal, he filed his section 2255 motion.

On cross-examination, the Petitioner agreed he signed a plea agreement on September 10, 2010. He acknowledged that Mr. Tollison explained the provisions of the plea agreement to him but stated that he did not recall Mr. Tollison explaining the appeal waiver. He testified that he "scanned over" a part of the plea agreement himself but that he was a "rookie" when it came to

plea agreements. He said that he asked Mr. Tollison to appeal his sentence because it was wrong. He said that Mr. Tollison did not respond that he had waived his appeal but, instead, said that he would file the appeal. The Petitioner said that he had no way to check whether Mr. Tollison had filed the appeal, except to call Mr. Tollison. He said that he finally spoke to Mr. Tollison in December, although his recollection of dates is "foggy."

The Government called Mr. Kim Tollison, who was sworn and testified as follows: Mr. Tollison stated that he is a former Assistant Federal Defender and that he retired in December 2011. Mr. Tollison said that he represented the Petitioner and negotiated a plea agreement for him. He said that he explained every provision of the plea agreement, including the waiver of appeal, to the Petitioner before the Petitioner signed the plea agreement. He stated that he did not recall the Petitioner asking him to appeal his sentence following the sentencing hearing. He said that if a client requested that he file an appeal, his practice was to note that request in the client's file. Mr. Tollison said that he had reviewed the Petitioner's file and that it did not contain such a notation. He said that if the Petitioner had asked him to appeal the sentence, he would have filed a notice of appeal.

On cross-examination, Mr. Tollison testified that the Petitioner was adamant that his criminal history category was improperly calculated in his Presentence Investigation Report. Mr. Tollison did not recall whether he agreed or disagreed with the Petitioner about the criminal history category. He said that he did not recall the Petitioner asking him to file an appeal, nor did he recall receiving any telephone messages from the Petitioner following the sentencing hearing.

4

## II. ANALYSIS

The Petitioner claims that he received the ineffective assistance of counsel because he asked his attorney to file a direct appeal of his sentence and his attorney did not do so. The Government responds that the Petitioner's assertion that he asked Mr. Tollison to file a direct appeal is not credible. As discussed by the District Judge, in order to show that counsel was ineffective, a petitioner normally must show two prongs: (1) that the specific acts of his attorney were deficient as measured by "prevailing professional norms," Strickland v. Washington, 466 U.S. 668. 687 (1987), and (2) that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Counsel is presumed to have provided effective assistance, and the petitioner shoulders the burden of proving otherwise. Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003). The Petitioner "must prove his allegation that his lawyer[ was] constitutionally ineffective by a preponderance of the evidence." Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006).

Although the Petitioner affirmatively waived his right to file a direct appeal in his plea agreement, the Court of Appeals for the Sixth Circuit has held:

> [E]ven when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal.

Campbell v. United States, 686 F.3d 353, 360 (6th Cir. 2012); see also Pola v. United States, 778 F.3d 525, 532-33 (6th Cir. 2015). "[A]n attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions' from his client 'to file a notice of appeal'—'a purely ministerial task.'" Pola, 778 F.3d at 533 (quoting Roe v. Flores-Ortega, 528 U.S. 470,

5

477 (2000)). Thus, the sole issue remaining for the Court to determine is whether, as a matter of fact, Petitioner asked Mr. Tollison to file a direct appeal on his behalf.

In the instant case, the Petitioner has affirmatively testified that at the end of his sentencing hearing, while seated at counsel table with Mr. Tollison, he asked Mr. Tollison to file an appeal and that Mr. Tollison responded that he would. At the evidentiary hearing, defense counsel argued that the Petitioner had a serious objection to the calculation of his criminal history category, which Mr. Tollison recalled. Mr. Varner contended that, in contrast to this positive testimony by the Petitioner, the Government presented only the neutral testimony by Mr. Tollison that he did not recall whether or not the Petitioner asked him to file an appeal. Mr. Varner asserts that this neutral testimony does not counter the Petitioner's positive testimony that he asked Mr. Tollison to file an appeal.

The Court finds that the Petitioner has shown by a preponderance of the evidence that he asked Mr. Tollison to file a notice of appeal at the conclusion of the sentencing hearing. As observed by defense counsel, the Petitioner presented the only positive testimony with regard to whether he asked his attorney to appeal his sentence. Mr. Tollison remembers the Petitioner's adamant objection to his criminal history category and does not contradict the Petitioner's testimony that he told the Petitioner that he would challenge the criminal history category at the sentencing hearing. Mr. Tollison's recollection of the Petitioner's strong response to his Presentence Investigation Report supports the Petitioner's testimony that he was concerned when his criminal history category was not modified at the sentencing hearing.

The Government argues that the Petitioner's testimony is not credible because he waited four months, until he got to prison, to check on his appeal. However, the Petitioner testified that he tried to call Mr. Tollison about the appeal repeatedly, while still detained at the Blount County

6

Jail following his sentencing hearing; after he was transported to Oscilla, Georgia, to await his designation to a prison by the Bureau of Prisons; and after he arrived at prison. The Petitioner stated that he finally spoke to Mr. Tollison in December 2011, and Mr. Tollison asked him to call back after the first of the year. The Petitioner stated that when he finally called back in January 2012, he learned that Mr. Tollison had retired. The Court agrees that it is curious that the Petitioner apparently did not ask about his appeal when he spoke briefly to Mr. Tollison in December 2011. However, based upon the only evidence before the Court, the Court finds the Petitioner has shown by a bare preponderance of the evidence that he asked Mr. Tollison to appeal his sentence.

The Court finds that the Petitioner has shown that it is more likely than not that he asked his attorney to file an appeal. As discussed above, a petitioner showing that his attorney did not file a notice of appeal despite being expressly asked to do so within the fourteen day time period that an appeal would be timely does not have to show that he was prejudiced by the attorney's failure to appeal. Campbell, 686 F.3d at 360 (concluding that the prejudice prong of Strickland standard is presumed to be met when an attorney ignores an express request to file a direct appeal). Thus, the undersigned recommends that the Petitioner's motion to vacate, set aside, or correct his sentence [Doc. 19] be granted in part and that the Petitioner be permitted to file a delayed appeal.

### III. CERTIFICATE OF APPEALABILITY

The District Judge has also directed [Doc. 37, p.9] the undersigned to make a recommendation regarding whether the Court should issue a certificate of appealability with regard to all issues raised by the Petitioner in his § 2255 motion. Pursuant to 18 U.S.C. §

7

2253(c)(1)(B), an appeal of the final order in a proceeding under § 2255 may not be taken to the appellate court unless a certificate of appealability is issued. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 18 U.S.C. § 2253(c)(2). In the instant case, the Petitioner has raised two bases for the ineffective assistance of counsel in this case: (1) that he received the ineffective assistance of counsel because his attorney did not file a direct appeal of his sentence despite Petitioner asking him to do so and (2) that his attorney was ineffective for failing to object to the calculation of his criminal history category in the Presentence Report.

The Court has recommended that the Defendant be permitted to file a delayed appeal in this case. Thus, there is no need to address whether a certificate of appealability should issue with regard to the Petitioner's first issue. The Petitioner also challenges the calculation of the criminal history category in his case. The District Judge determined that the Petitioner's criminal history category was properly calculated and, thus, even if Mr. Tollison would have objected to the Petitioner's criminal history category, such objection would have been baseless and overruled. Based upon the District Judge's ruling, it would seem that the Court should conclude that Petitioner failed to make a substantial showing that he received the ineffective assistance of counsel with regard to his criminal history category. Nonetheless, the undersigned recommends that the District Judge grant a certificate of appealability with regard to this issue as a part of the delayed appeal. Our appellate court has recognized in these types of cases that

> in light of the appeal waiver, the scope of the issues still appealable in this case is quite limited. [A petitioner's] prospect of success on the merits [may be] even more limited. Nevertheless, prevailing precedent from the Supreme Court, the Sixth Circuit, and the majority of our sister circuits mandates that even under these circumstances, a defendant is entitled to counsel who will follow through on express instructions to proceed with an appeal, no matter what the ultimate odds of success.

8

Campbell, 686 F.3d at 360. The Court finds that the Petitioner should be allowed to raise the issue of the calculation of his criminal history category in his delayed appeal, if one is permitted.

## IV. CONCLUSION

For the reasons stated herein, the undersigned finds that the Petitioner has shown by a preponderance of the evidence that he asked his attorney to file a direct appeal of his sentence. Accordingly, the Court respectfully **RECOMMENDS** that the Petitioner's motion to vacate, set aside, or correct his sentence [**Doc. 19**] be granted in part and that the Petitioner be permitted to bring a delayed appeal. The undersigned also recommends that a certificate of appealability be issued with regard to the Petitioner's claim that his criminal history category was improperly calculated.[4]

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).